Nelson v New York City Tr. Auth. (2020 NY Slip Op 00671)





Nelson v New York City Tr. Auth.


2020 NY Slip Op 00671


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Richter, J.P., Gische, Mazzarelli, Gesmer, JJ.


10914 160417/13

[*1] Ke'Andrea Nelson, Plaintiff-Respondent,
v
New York City Transit Authority, et al., Defendants-Appellants.


Steve S. Efron, New York, for appellants.
Schwartz Perry & Heller LLP, New York (Brian Heller of counsel), for respondent.



Order, Supreme Court, New York County (Kathryn Freed, J.), entered March 22, 2019, which, to the extent appealed from, denied in part defendants' motion for partial summary judgment, unanimously affirmed, without costs.
Defendants New York City Transit Authority (NYCTA) and Metropolitan Transit Authority Bus Company (MTA) failed to establish prima facie entitlement to partial summary judgment dismissing plaintiff's remaining claims of discrimination and retaliation. The record, including the findings of the neutral arbitrator, does not conclusively resolve factual issues regarding MTA's motives in levying various disciplinary charges against plaintiff between 2012 and 2016 (compare Novak v St. Luke's-Roosevelt Hosp. Ctr., Inc., 136 AD3d 435, 436 [1st Dept 2016]; Collins v New York City Tr. Auth., 305 F3d 113, 119 [2d Cir 2002] [decision of a neutral arbitrator upholding charges of misconduct was "highly probative of the absence of discriminatory intent"]). Unlike Collins and Novak, plaintiff here challenged a number of disciplinary charges, including two dismissals, and the arbitrator twice found that defendants' penalties were disproportionate to the charged misconduct.
Further, plaintiff independently lodged formal complaints that her superiors at MTA made discriminatory, disparaging comments about her race and gender before any disciplinary actions were taken against her. Viewed in context, the alleged pervasive, racist, and sexist comments and conduct preclude summary dismissal of this case as "insubstantial" (Hernandez v Kaisman, 103 AD3d 106, 115 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK